# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kevin James Wiltz, | Case No.: 2:21-cv-00569-JAD-DJA |
| Plaintiff | |
| v. | **Order Remanding Divorce Action Back to State Court & Closing Case** |
| Kristin Lynn Wiltz, | |
| Defendant | |

Kristin Lynn Wiltz removed her husband's complaint for divorce from Nevada state family court to this federal court, claiming that this court has "[o]riginal [j]urisdiction under 28 U.S.C. § 1331, and is [a case that] may be removed to this court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under a treaty of the United States, commonly referred to as Treaty of Greenville."[1] After reviewing that filing, this court ordered Mrs. Wiltz to show cause in writing by June 18, 2021, why this marriage-dissolution action should not be remanded back to state court for improper removal and lack of subject-matter jurisdiction.[2] She was warned that her failure to show such cause by the court-ordered deadline would result in this case being remanded without further prior notice.[3] That deadline passed without response or a request to extend the deadline to file one.

28 U.S.C. § 1441(a) authorizes defendants to remove to federal court "any civil action brought in a State court of which the [U.S. District Courts] have original jurisdiction . . . ." But "[f]ederal courts are courts of limited jurisdiction."[4] So a defendant seeking removal jurisdiction

---

[1] ECF No. 1-1 at 1.
[2] ECF No. 13.
[3] *Id*.
[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"always have the burden of establishing that removal is proper."[5]  This is a heavy burden to carry because there is a "strong presumption against removal jurisdiction[,]" the removal statute is "strictly construe[d] against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[6]  Because Mrs. Wiltz has failed to carry her burden to demonstrate that removal jurisdiction is proper,

      IT IS HEREBY ORDERED that the Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Family Division, Case No. D-19-592576-D, Department C**, and **CLOSE THIS CASE.**

      IT IS FURTHER ORDERED that **all pending motions [ECF Nos. 10, 11, 14, 15, 16] are DENIED** as moot.

Dated: June 22, 2021

                                _____
                                U.S. District Judge Jennifer A. Dorsey

---

[5] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
[6] *Id.*